UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMGUARD INSURANCE COMPANY                                                                    PLAINTIFF

v.                                        No. 2:19-cv-02146

JLW TOWING & RECOVERY, LLC, et al.                                                         DEFENDANTS

## OPINION AND ORDER

Before the Court are Plaintiff's motion (Doc. 26) for summary judgment, statement of facts (Doc. 27), brief in support (Doc. 28), and Defendant JLW Towing & Recovery, LLC's ("JLW") response (Doc. 29). After reviewing the record, the motion for summary judgment will be GRANTED.

**I.     Background**

Plaintiff filed this action seeking a declaratory judgment that it is not required to defend or indemnify Defendant JLW or JLW's employees in an underlying state court suit. The state court suit, *Michael McHalffey and Angella McHalffey, Husband and Wife vs. JLW Towing & Recovery, LLC, et al.*, Johnson County Circuit Court No. 36CV-19-143, alleges that JLW performed an involuntary repossession of the McHalffeys' motorcycle in October of 2018. The McHalffeys allege that JLW, through its employees, committed various criminal acts, including trespass, assault, and battery. At the time of the incident described above, JLW was insured under a policy issued by Plaintiff. The policy lists several exclusions: bodily injury and property damage resulting from assault, battery, expected or intended injuries, and criminal acts committed by the insured or its employees. The policy also states "This coverage is void as to you and any other insured if, before or after a loss: a. you or any other insured have willfully concealed or misrepresented: 1. A material fact or circumstance that relates to this insurance of the subject

1

thereof . . . ." (Doc. 26-1, p. 10). Plaintiff filed a motion for summary judgment, and JLW filed a response stating Plaintiff's motion contains an "accurate allegation of the insurance policy exclusions" and the undisputed material facts "contains no misstatements or inaccuracies." (Doc. 29, p. 1).

**II.   Legal Standard**

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001) (citation omitted). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57. In order for there to be a genuine issue of material fact, the nonmoving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248).

**III.  Analysis**

Plaintiff argues it does not have a duty to defend or indemnify JLW for two reasons. First, Plaintiff contends that the events giving rise to the state court lawsuit fall within the policy exclusions regarding intentional and criminal acts. Second, Plaintiff argues that even if the

exclusions do not apply, the insurance policy is void due to material misrepresentations made by JLW on its insurance application.

"To determine whether a duty to defend arises in this suit, we must examine the language in the contract from which the purported duty arises." *Scottsdale Ins. Co. v. Morrowland Valley Co., LLC*, 411 S.W.3d 184, 191 (Ark. 2012). Arkansas courts examine the "plain language of the policy" to see if there is any "doubt or uncertainty as to its meaning." *Elam v. First Unum Life Ins. Co.*, 57 S.W.3d 165, 169 (Ark. 2001). Here, the plain language of the policy at issue clearly excludes "criminal, fraudulent, dishonest, or illegal acts" as well as bodily injury or property damage arising out of "assault and/or battery, any altercation, offensive contact, apprehension of offensive contact, or threat by words or deeds." (Doc. 26-1, p. 2, 4). JLW does not dispute the plain language of the policy, nor Plaintiff's arguments that the insurance policy does not cover the underlying state court lawsuit because the events giving rise to the lawsuit fall squarely within the exception.

JLW also does not dispute that the insurance policy itself is void due to the material misrepresentations it made on the insurance application. "Under Arkansas law, the language of the insurance contract governs whether an insurer may withhold coverage on the basis of the insured's allegedly false statements." *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 989 (8th Cir. 2010) (citing *Warren v. State Farm Fire & Cas. Co.*, 531 F.3d 693, 699 (8th Cir. 2008)). Plaintiff's written underwriting guidelines state applicants involved in non-consent or involuntary repossessions were prohibited and automatically rejected from coverage. On JLW's May 2018 insurance application, JLW represented to Plaintiff that it was not involved in any repossession, even though JLW was licensed to conduct involuntary repossessions and accepted ten repossessions a week from 2014 to 2019. The insurance policy unambiguously states "This

coverage is void as to you and any other insured if, before or after a loss . . . you or any other insured have willfully concealed or misrepresented: 1. a material fact or circumstance that relates to this insurance or the subject thereof . . . ." (Doc. 26-1, p. 10).  On the basis of the undisputed facts, the Court finds JLW's misrepresentation was material and the coverage guaranteed by the insurance policy is void as a result.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 26) for summary judgment is GRANTED.  Based on the plain language of the policy and the admissions of fact made by Defendant JLW, Plaintiff does not have a duty to defend or indemnify JLW in the underlying state court lawsuit.  A judgment will be entered separately.

IT IS SO ORDERED this 1st day of October, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE